ORIGINAL

ROBERT W. WOODS, State Bar No. 89896
ISAACMAN, KAUFMAN & PAINTER, P.C.
8484 Wilshire Blvd., Suite 850
Beverly Hills, CA 90211
Tel. 323.782.7700
Fax 323.782.7744

Attorneys for Fast Girl Films, LLC

E-filing

FILED
08 MAR 10 PM 2:36
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAST GIRL FILMS, LLC, a California limited liability company,

    Plaintiff,

vs.

SOPHIA WALLACE; and DOES 1 through 10, inclusive,

    Defendants.

CV 08 No. 1349 HRL

COMPLAINT FOR DECLARATORY RELIEF, COPYRIGHT INFRINGEMENT, INJUNCTIVE RELIEF, AND BREACH OF CONTRACT; DEMAND FOR JURY TRIAL

Plaintiff Fast Girl Films, LLC, for causes of action against defendants and each of them, alleges:

**INTRODUCTORY ALLEGATIONS**

1.    Plaintiff is a limited liability company organized and existing under and pursuant to the laws of the State of California.

2.    Defendant Sophia Wallace ("Wallace") is an individual residing in the State of New York.

3.    Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said defendants when the same become known to plaintiff.

4.   Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued herein as Doe, by reason of its actions or omissions to act, is responsible in some manner for the damages suffered by plaintiff, as alleged herein, and is liable to plaintiff for such damages.

5.   Plaintiff is informed and believes, and on that basis alleges, that each of the Doe defendants is, and at all material times was, the agent or servant of each of the named defendants, and was, at all material times, acting within the course and scope of such agency, with the knowledge and consent of each of the other defendants.

## JURISDICTION AND VENUE

6.   The action arises under 17 U.S.C. § 501, and 28 U.S.C. § 1338.

7.   Venue is proper under 28 U.S.C. § 1391(a) and (b) in that the written agreement entered into by and between plaintiff and defendant Wallace was entered into in San Francisco, California, all services performed thereunder were in San Francisco, California, and the greater BayArea, and the agreement specifically provides that venue shall be in San Francisco, California.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

8.   Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 7, inclusive, of the Introductory Allegations and the Jurisdiction and Venue Allegations, and realleges the same as though fully set forth.

9.   On or about October 1, 2007, defendant Wallace entered into a written agreement with plaintiff. A true and correct of the written agreement is attached hereto as Exhibit "1" and incorporated herein by this reference (the "Agreement"). Pursuant to this Agreement, Wallace was engaged to provide services as a still photographer in connection with the motion picture entitled "And Then Came Lola" (the "Motion Picture") being produced by plaintiff. Paragraph 13 of the Agreement provided that plaintiff would be the owner of all the results and proceeds of Wallace's work, including any copyright, trademark or other intellectual property rights, and Wallace expressly agreed that her work was a "work made for hire" and that plaintiff was the author and copyright owner of any works created under the Agreement. The Agreement further provided that in the event that any proceeds of Wallace's work was not considered

a work for hire, then the Agreement constituted an assignment by Wallace to plaintiff of Wallace's copyright in and to any such work.

10. From on or about October 1, 2007, through December 3, 2007, Wallace performed pursuant to the Agreement and took still photographs during production of the Motion Picture and during two photo shoots in connection with the Motion Picture, and Wallace thereby created numerous photographs and other works (the "Photographs").

11. On or about January 9, 2008, Wallace advised plaintiff, in writing, that Wallace refused to acknowledge the work for hire provision of the Agreement. Wallace asserted that she owned the copyright in and to the Photographs which she had taken pursuant to the Agreement, and although she had delivered possession of certain Photographs to plaintiff in or about December, 2007, she refused to deliver possession to plaintiff of the Photographs that were taken during the photo shoot on November 30, 2007. Wallace further demanded that plaintiff negotiate with her for "licensing terms and fees" for use of all of the Photographs.

12. On or about January 23, 2008, plaintiff responded to Wallace and advised Wallace that the work for hire provision and the copyright assignment provision of the Agreement were binding, advised Wallace that she was not authorized to utilize any of the Photographs for any reason or in any manner, and demanded that Wallace deliver possession of the November 30, 2007 Photographs to plaintiff. Wallace did not respond to this notice.

13. An actual controversy has arisen and now exists in that plaintiff contends that, pursuant to the terms of the Agreement, it is the author and copyright owner of any Photographs created by Wallace under the work for hire provision of the Agreement, or in the alternative that the Agreement constituted an assignment by Wallace to plaintiff of Wallace's copyright in and to the Photographs. Wallace denies the plaintiff's contentions and instead contends that the Agreement is not enforceable, that the work for hire provision of the Agreement is not effective or enforceable, that the copyright assignment provision of the Agreement is not effective or enforceable, and that Wallace is the copyright owner of the Photographs.

14. Plaintiff seeks a judicial declaration of the rights and obligations of the parties with respect to the enforceability of the Agreement and the copyright ownership of the Photographs taken by Wallace

pursuant to the Agreement. A judicial declaration is necessary and appropriate at this time so that the respective rights and obligations of the parties may be determined.

15. Paragraph 15 of the Agreement provides that the prevailing party in any controversy or claim arising out of or in relation to the Agreement shall be entitled to recover its reasonable attorney's fees and expenses. Plaintiff has incurred and will continue to incur attorney's fees and expenses in the prosecution of this action, and plaintiff seeks recovery of those attorney's fees and expenses.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement)

16. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 15, inclusive, of the Introductory Allegations, and the Jurisdiction and Venue Allegations, and the First Claim for Relief, and realleges the same as though fully set forth.

17. Pursuant to the Agreement, plaintiff is the owner of all copyright in and to the Photographs created by Wallace with respect to the Motion Picture. On March 7, 2008, Plaintiff filed an application with the U.S. Copyright Office to register copyright in the Photographs in plaintiff's name. Wallace has no right to use, distribute, publish, or exploit such Photographs in any manner, and any such uses would constitute an infringement of plaintiff's copyright in the Photographs. Plaintiff is informed and believes and thereon alleges that Wallace is or may be threatening to use, distribute, publish, or otherwise exploit the Photographs, or some of them, and/or may have used, distributed, published, or otherwise exploited the Photographs, or some of them.

18. Plaintiff is entitled to an injunction to prevent the infringement of plaintiff's copyright in the Photographs, and to an injunction mandating that Wallace deliver to plaintiff any and all copies of the Photographs, in whatever format they may exist.

19. Plaintiff is further entitled to such actual damages as may be proven at the time of trial, or in the alternative to statutory damages, and to an award of attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

20. Plaintiff incorporates herein by this reference each and every allegation contained in

paragraphs 1 through 19, inclusive, of the Introductory Allegations, and the Jurisdiction and Venue Allegations, and the First Claim for Relief, and the Second Claim for Relief, and realleges the same as though fully set forth.

21. Plaintiff has performed each and every covenant and condition on its part to be performed in accordance with the terms and conditions of the Agreement.

22. Defendants have breached the Agreement by failing and refusing to deliver to plaintiff the Photographs and by wrongfully asserting that Wallace is the copyright owner of the Photographs and that the Agreement is not enforceable.

23. As a direct and proximate cause of defendants' breach of the agreement, plaintiff has suffered damages in excess of $10,000, in such amount as may be proven at the time of trial, including but not limited to the cost of the photo shoots, the compensation paid to Wallace, and the cost of additional photo shoots to replace the Photographs.

**DEMAND FOR JURY TRIAL**

24. Plaintiff hereby demands trial by jury of all issues of fact.

WHEREFORE, plaintiff prays for judgment as follows:

FOR THE FIRST CLAIM FOR RELIEF:

1. For a judicial declaration that plaintiff Fast Girl Films, LLC is the author and copyright owner of any photographs or other works created by Wallace pursuant to the work for hire provision of the Agreement, or in the alternative for a judicial declaration that the Agreement constituted an assignment by Wallace to plaintiff of Wallace's copyright in and to any such work;

FOR THE SECOND CLAIM FOR RELIEF:

2. For actual damages as proven at the time of trial, or in the alternative for statutory damages;

3. For an injunction restraining and enjoining defendants from using, distributing, publishing, or otherwise exploiting the Photographs;

4. For an injunction mandating that defendants deliver to plaintiff any and all copies of the Photographs, in whatever format they may exist;

5. For an award of attorney's fees and costs;

FOR THE THIRD CLAIM FOR RELIEF:

6. For damages in an amount as proven at the time of trial;

7. For attorney's fees and costs;

FOR ALL CLAIMS FOR RELIEF:

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem just and proper.

ISAACMAN, KAUFMAN & PAINTER, P.C.

By _____
ROBERT W. WOODS
Attorneys for Plaintiff Fast Girl Films, LLC

**CREW DEAL MEMO**
Salaried On-Call
Exempt Employees

PRODUCTION COMPANY: Fast Girl Films, LLC
2021 Essex St. Berkeley, CA 94703

MOTION PICTURE: "And Then Came Lola"

START DATE: Sept. 20, 2007

POSITION: Still Photographer

EMPLOYEE NAME: Sophia Wallace

ADDRESS: 30-60 33 St. #1, Astoria, NY 11102

PHONE: Home: 718.554.7813
       Work: 646.546.9454

SOCIAL SECURITY NUMBER: 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

FED I.D. NUMBER: _____

***********************
(items below to be completed by production company only)

DAILY RATE: $100/DAY.

RENTALS:

STILL PHOTO EQUIPMENT


OTHER TERMS:

None.


EXHIBIT 1

Feb 07 2008 8:03PM   Suzanne Eisenhut                415-358-4674                           p.12

SALARIED/ON CALL
EXEMPT EMPLOYEES
TERMS AND CONDITIONS OF EMPLOYMENT

1. PAYMENT OF WAGES: Wages shall be paid to all employees no later than Friday following the week in which services were performed. Pay date may be delayed by reason of an intervening federal or state holiday. Employment is for a 6-day work week.

2. EXEMPT EMPLOYEES: Exempt employees shall not be beneficiary of additional overtime, turnaround or other hourly payments except as expressly provided in this deal memo.

3. NIGHTS, WEEKENDS, HOLIDAYS, WORK TIME: Unless expressly provided elsewhere in this deal memo, no increased or additional compensation shall accrue or be payable to employee for the rendering of services at night or on weekends or holidays, or after the expiration of any particular number of hours of service in any period.

4. MEALS: The Production Company will provide meal breaks and/or food service at approximately six (6) hour intervals.

5. IMMIGRATION REFORM AND CONTROL ACT OF 1986 (IRCA): Employment (or the engagement of services) hereunder is subject to employee providing the requisite documents required by IRCA and completing and signing the required Form I-9 pursuant to IRCA Section 274a.2. Employee shall comply with the immigration verification employment eligibility provisions required by law.

6. CAR INSURANCE: Employee is responsible for liability and collision insurance and deductibles on her/his personal vehicle used in conjunction with their employment.

7. ALCOHOL/DRUGS: Use of alcohol or drugs during hours of employment will result in employee's immediate termination.

8. PURCHASES: Employee will be held personally responsible for purchases, rentals and expenses not approved in advance by production.

9. EXCLUSIVITY: Employee's services are on an exclusive basis to the production of the motion picture (the "Picture") referred to in this deal memo for such period of time as required unless otherwise specified in this deal memo.

10. CREDIT: Unless otherwise specified in this deal memo, screen credit is at Production Company's discretion subject to employee's performing all services required through completion of term.

11. TERM: Unless expressly provided elsewhere in this agreement, employee's employment hereunder shall not be for a "run of the show" or for any guaranteed period of employment. Production reserves the right to discharge employee at any time, subject

only to the obligation to pay the balance of any guaranteed compensation due. Production Company will attempt to notify employees a minimum of twenty-four (24) hours in advance of layoff. This agreement is subject to immediate suspension and/or termination (at Production's election) without further obligation on the part of Production in the event of any incapacity or default of employee or in the case of any suspension, postponement or interference with the production by reason of labor controversy, strike, earthquake, act of God, governmental action, regulation, or decree or for any other customary force majeure reason.

12. NO WAIVER: The terms and conditions of this deal memo are binding on Production Company and employee and shall not be waived or altered by any method. Any added conditions on the front of this deal memo inconsistent with these conditions of employment shall be null and void.

13. WORK-FOR-HIRE: Production Company shall be the owner of all of the results and proceeds of employee's services, including any copyright, trademark and any other intellectual property rights in any work or property created by Employee, or anyone under Employee's direction. Employee acknowledges that Employee's work is a "work made for hire" within the scope of Employee's employment, and therefore Employer shall be the author and copyright owner of any work created under this agreement. In the event that any of proceeds of Employee's work are not considered a work for hire, then Employee's copyright to such work is hereby assigned to Employer.

14. PUBLICITY: Employee shall not directly or indirectly circulate, publish or otherwise disseminate any news story, article, book or other publicity concerning the Picture, or employee's or others' services without Production Company's prior written consent, provided that employee may issue personal publicity mentioning the Picture so long as such references are not derogatory. Employee has permission to show a videotape of Picture in connection with seeking future employment. Employer shall have the right to use employee's name, voice, picture and likeness in connection with the Picture, the advertising and publicizing thereof, and any promotional films or clips respecting the Picture without additional compensation therefore.

15. ARBITRATION: This Agreement shall be interpreted in accordance with the laws of the State of California, applicable to agreements executed and to be wholly performed therein. Any controversy or claim arising out of or in relation to this Agreement or the validity, construction or performance of this Agreement, or the breach thereof, shall be resolved by arbitration in accordance with the rules and procedures of AFMA, as said rules may be amended from time to time with rights of discovery if requested by the arbitrator. Such rules and procedures are incorporated and made a part of this Agreement by reference. If AFMA shall refuse to accept jurisdiction of such dispute, then the parties agree to arbitrate such matter before and in accordance with the rules of the American Arbitration Association under its jurisdiction in San Francisco before a single arbitrator familiar with entertainment law. The parties shall have the right to engage in pre-hearing discovery in connection with such arbitration proceedings. The parties agree hereto that they will abide by and perform any award rendered in any arbitration conducted pursuant

Feb 07 2008 8:04PM   Suzanne Eisenhut            415-358-4674                    p.14

hereto, that any court having jurisdiction thereof may issue a judgment based upon such award and that the prevailing party in such arbitration and/or confirmation proceeding shall be entitled to recover its reasonable attorneys' fees and expenses. The arbitration will be held in San Francisco and any award shall be final, binding and non-appealable. The Parties agree to accept service of process in accordance with the AFMA Rules.

EMPLOYEE ACCEPTS ALL CONDITIONS OF EMPLOYMENT AS DESCRIBED ABOVE.

AGREED TO AND ACCEPTED:

_____
EMPLOYEE SIGNATURE

10-1-2007
DATE

_____
PRODUCTION COMPANY SIGNATURE

10/2/2007
DATE

**ORIGINAL**

%JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
FAST GIRL FILMS, LLC, a California limited liability company

## DEFENDANTS
SOPHIA WALLACE; and DOES 1 through 10, inclusive

(b) County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robert W. Woods, Esq., SB # 89896
Isaacman, Kaufman & Painter, P.C.
8484 Wilshire Blvd., Suite 850
Beverly Hills, CA 90211    Tel. 323.782.7700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| 110 Insurance | 310 Airplane | 362 Personal Injury— Med. Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 315 Airplane Product Liability |  | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act |  |  | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury — Product Liability |  | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment |  | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | [x] 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 480 Consumer Credit |
|  | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health |  | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits |  | 371 Truth in Lending | 690 Other |  | 810 Selective Service |
| 160 Stockholders' Suits | 350 Motor Vehicle | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 850 Securities/Commodities/ Exchange |
| 190 Other Contract | 355 Motor Vehicle Product Liability |  | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal Injury | 385 Property Damage Product Liability |  | 862 Black Lung (923) | 890 Other Statutory Actions |
| 196 Franchise |  |  | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
|  |  |  | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 865 RSI (405(g)) | 893 Environmental Matters |
|  |  |  | 790 Other Labor Litigation |  | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 791 Empl. Ret. Inc. Security Act |  | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: |  | FEDERAL TAX SUITS |  |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty |  |  |  |
| 245 Tort Product Liability |  | 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 |  |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment | 550 Civil Rights | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 446 Amer. w/Disabilities - Other | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee |  |  |
|  | 440 Other Civil Rights |  | 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 501
Brief description of cause:
Copyright infringement, declaratory relief, injunctive relief, breach of contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
March 7, 2008

SIGNATURE OF ATTORNEY OF RECORD